UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JASON SMITH,

      Plaintiff,               CASE NO.:

vs.

MEDHOST, INC., a Tennessee
For-Profit Corporation,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JASON SMITH, by and through undersigned counsel, hereby files this Complaint against Defendant MEDHOST, INC., a Tennessee For-Profit Corporation Limited Liability Company (hereinafter "MEDHOST" or "Defendant"), and in support states as follows:

## INTRODUCTION

This is an action for damages and all available relief based on disability discrimination, and retaliation under American with Disabilities Act of 1990, as amended ("ADAAA") and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"). As a result, and for the violation of Plaintiff's rights to be free from disability discrimination as well as retaliation and to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and

suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## JURISDICTION AND VENUE

1.     Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving the ADAAA.

2.     This Court has supplemental jurisdiction over Plaintiff's state law claims.

3.     This Court has jurisdiction over Plaintiffs' claims because at all times material to this Complaint, Plaintiff worked for Defendant in Cocoa Beach, Brevard County, Florida.

4.     The illegal conduct occurred within the judicial district in and for this District.

5.     Plaintiff timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), on February 23, 2024.

6.     On January 29, 2025, the EEOC issued its right-to-sue letter.

7.     Therefore, this Complaint is filed within 90 days of Plaintiff receiving his right-to-sue letter.

2

## PARTIES

8.    Plaintiff is an adult individual who currently resides in Cocoa Beach, Brevard County, Florida.

9.    At all times material hereto, Plaintiff worked for Defendant in Cocoa Beach, Brevard County, Florida.

10.    Defendant is and was, at all relevant times, a Tennessee For-Profit Corporation, operating in Brevard County, Florida and is within the jurisdiction of this Court and this District.

11.    Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

## ADAAA AND FCRA STATUTORY PREREQUISITES

12.    At all times material hereto, Plaintiff is an individual with a disabling medical condition who suffered from discrimination and retaliation based on his disability.

13.    As such, Plaintiff is a member of a class of individuals protected by the ADAAA and the FCRA.

14.    At all times material to the allegations herein, Plaintiff was qualified for his position as a Project Manager.

15.    The Defendant meets the statutory criteria for coverage as an "employer" under the ADAAA and the FCRA.

16.    Plaintiff meets the statutory criteria for coverage as an

3

"employee" under the ADAAA and the FCRA.

17.    On or around February 23, 2024, Plaintiff dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations.

18.    On January 29, 2025, the EEOC issued its right-to-sue letter.

19.    Therefore, this Complaint is being filed within 90 days of Plaintiffs receiving his right-to-sue letter.

20.    Accordingly, Plaintiff has exhausted all administrative requirements set forth by the ADAAA and the FCRA.

21.    Plaintiff has satisfied all administrative prerequisites to perfect his claim.

## FACTS

22.    On or about June 2022, Plaintiff was hired by Defendant in the role of Project Manager for Rev Cycle and Business Services.

23.    Plaintiff remained in this position until his unlawful termination on November 7, 2023.

24.    On or around July 18, 2023, Plaintiff suffered from a serious medical episode which required Plaintiff to seek care from a physician.

25.    Plaintiff communicated with his Human Resources Director, Carla Stephenson via emails that same afternoon regarding Plaintiff's condition and his need for medical attention.

4

26. The first email, Plaintiff requested FMLA and in the second email for FMLA leave that included a request form from a physician for the Defendant to complete certification.

27. The next day, Stephenson responded to Plaintiff's second email stating that "I need Jason to schedule a call with me so I can better understand what is going on."

28. Stephenson then requested a telephone call with Plaintiff because allegedly, the Plaintiff's return date was undefined.

29. Plaintiff corrected the requested information and resubmitted the information and again, Plaintiff received an email from Stephenson this time alleging the document now contained several errors that needed correcting before sending it to Plaintiff's provider.

30. Stephenson also expressed "on behalf of the company, we want to be supportive in your recovery and if there is anything we can do to help…." and also stated that Plaintiff did not have any reason to worry about termination.

31. Stephenson also inquired about the length of Plaintiff's requested leave along with her secure fax number.

32. When Plaintiff received the form and realized that Plaintiff was required to have his physician certify the document, Plaintiff contacted Stephenson and left a message.

5

33. Plaintiff then received an iMessage from Stephenson stating she had made several attempts to contact Plaintiff at this number and she kept receiving notification that it was an invalid number.

34. Confused, Plaintiff contacted Stephenson and advised her that he had no missed calls and was in fact using the same number she had made several attempts to call.

35. However, while speaking with Stephenson, there were questions and statements to which Plaintiff did not understand or know the answer to without consulting my physician or having more information.

36. At the end of the call, Plaintiff felt discouraged and confused and felt that he would need to return to work regardless of the physician's request for FMLA leave and Plaintiff feared that he may lose his job.

37. After this incident, Plaintiff's physician provided his required medical documentation via email based on his serious health conditions and stated that he would need FMLA leave from July 17, 2023 to July 21, 2023 with a return to work date of July 24, 2023.

38. Plaintiff then sent another message to Stephenson requesting guidance on his release date not being until July 24, 2023, and her response was, "we only want you at the office when you are well and when your doctor believes you can return to work."

6

39.    Plaintiff was never provided guidance on how to enter his time for the prior week or whether he could borrow from his accumulated PTO or if this time off was unpaid.

40.    On October 3, 2023, Plaintiff returned to work from another personal and medical emergency that occurred on September 27, 2023, and Plaintiff received a two-page Corrective Action Form (CAF) relating to his performance, attendance and policy/procedure violation and was told this was his second warning with the next being termination, which made Plaintiff feel as if he was being retaliated against and treated differently based on his need for ADAAA regarding his serious health conditions.

41.    Plaintiff then requested reasonable accommodations under the ADAAA.

42.    Plaintiff had also observed other employees who engaged in actions, behaviors, communications that required a CAF and were not placed on one.

43.    Plaintiff also was due to receive a replacement laptop but did not receive one.

44.    Plaintiff followed up with his manager, Vasilis Fanaras, who had no updates.

7

45. Plaintiff felt that this was another way of retaliating against him because of his disability as other employees in Florida had already received their replacement laptops that had been sent via overnight delivery.

46. Plaintiff was also subjected to further retaliation by being locked out of the work system for four days, having his manager speak to him using profane language, hung up by IT and being provided with tools that made it nearly impossible for him to produce work product at an acceptable level.

47. Plaintiff also was not receiving his accurate pay and was chastised on a call with three other individuals.

48. In addition to these issues, Plaintiff was also placed under increased workplace surveillance and was treated differently than others who did not have a serious medical condition.

49. Plaintiff sent several emails to Stephenson and other individuals informing them of the continued harassment and retaliation that he was subjected to.

50. However, the retaliation continued and were expedited when it came to Plaintiff even after witnessing another similarly situated employee who had not been disciplined as he was when he was placed on a final warning with the next step being termination.

51.    Plaintiff further was forced to report only to Human Resources with no communication from his manager, had rules changed for only him and was no longer able to accurately track or report his time.

52.    Plaintiff believed the lack of accuracy contributed to obtaining access to benefits that he was entitled to and that were being deducted from his paycheck.

53.    As a result, Plaintiff dual-filed a complaint with the FCHR and the EEOC, on August 20, 2023.

54.    On October 23, 2023, Plaintiff amended his Charge of Discrimination.

55.    Beginning on November 1, 2023, Plaintiff sent several emails to Stephenson regarding his return to work and receiving a new network password and he received no response until November 7, 2023, wherein Plaintiff was informed that his employment was being terminated.

56.    Plaintiff believes his employment was terminated in retaliation for his internal complaints of discrimination as well as filing a Charge of Discrimination with the FCHR and EEOC.

57.    As a result of Plaintiff's termination, Plaintiff believes he was subjected to discrimination, and retaliation.

58.    This reason is false and a pretext for disability discrimination and retaliation.

9

## COUNT I
## DISCRIMINATION UNDER THE ADAAA

59. Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 58, above.

60. Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

61. Plaintiff was discriminated against by the Defendant due to his disability in violation of federal law.

62. Plaintiff is protected by the ADAAA:

a. Plaintiff is a disabled employee who suffered discrimination because of his disability by Defendant; and

b. Plaintiff suffered an adverse employment action as a result of his disability.

63. Defendant was at all material times "employers" as envisioned and defined by the ADAAA.

64. Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

65. Defendant's actions unquestionably constitute disability discrimination in violation of the ADAAA, as amended.

66. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as

envisioned by the ADAAA.

67.    Plaintiff was a disabled individual during his employment, and therefore, he is a member of a protected class as envisioned by the ADA.

68.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

69.    The discrimination to which Plaintiff was subjected was based on his disability.

70.    The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

71.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

72.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for all legal and equitable relief allowed by law including:

      a.    Back pay and benefits;

b.    Interest on backpay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

e.    Injunctive relief;

f.    Prejudgment interest; and

g.    Costs and attorney's fees.

## COUNT II
## RETALIATION UNDER THE ADAAA

73.    Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 58, above.

74.    Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

75.    Plaintiff was retaliated against by the Defendant due to his disability in violation of Federal law.

76.    Plaintiff was retaliated against by the Defendant after requesting accommodations for her osteoporosis condition.

77.    Defendant denied Plaintiff a reasonable accommodation as required by Federal law.

78.    Defendant retaliated against Plaintiff in violation of the ADAAA.

79.    Plaintiff is protected by the ADAAA:

a.    Plaintiff was disabled or a "perceived as disabled" employee

12

whosuffered discrimination because of her disability or "perceived disability" by Defendant; and

b.     Plaintiff suffered an adverse employment action as a result of his disability or "perceived disability."

c.     Plaintiff suffered an adverse employment action as a result of his reporting discrimination based on her disability or "perceived disability."

80.    Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

81.    Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

82.    Defendant's actions unquestionably constitute retaliation in violation of the ADAAA, as amended.

83.    By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

84.    Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, even though Plaintiff could perform same with a reasonable accommodation.

85.    Pleading in the alternative, Plaintiff's impairment did not substantially limita major life activity but was treated by Defendant as if it did.

86.    Pleading in the alternative, Plaintiff's medical condition

13

constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

87. Defendant does not have a non-discriminatory rationale for terminating the Plaintiff.

88. Plaintiff was a disabled individual during his employment. Therefore, she is a member of protected classes as envisioned by the ADAAA.

89. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

90. The retaliation to which Plaintiff was subjected was based on his disability.

91. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

92. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

93. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

14

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest; and,

    g.    Costs and attorney's fees.

## COUNT III
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA

94. Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 58, above.

95. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

96. Plaintiff is a member of a protected class because he suffers from disabling medical conditions.

97. At all material times, Plaintiff was qualified to perform his job duties.

98. Plaintiff was treated less favorably than similarly situated non-handicapped employees.

15

99.     Defendant discriminated against Plaintiff because of his handicap.

100.    The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against discrimination under the FCRA because they treated Plaintiff less favorably because of his handicap.

101.    Defendant does not have a legitimate, non-discriminatory reason for firing Plaintiff.

102.    The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

103.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

104.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

105.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and

equitable reliefallowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

e.    Injunctive relief;

f.    Prejudgment interest;

g.    Costs and attorney's fees; and

h.    Such other relief as the Court may deem just and proper.

## COUNT IV

## RETALIATION IN VIOLATION OF THE FCRA

106.  Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 58, above.

107.  Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

108.  Plaintiff is a member of a protected class because he suffers from disabling medical conditions.

109.  At all material times, Plaintiff was qualified to perform his job duties.

110.  Plaintiff was subjected to the adverse employment action of being terminated.

17

111. Defendant retaliated against the Plaintiff for requesting reasonable accommodation due to his handicap.

112. The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against retaliation under the FCRA because they treated Plaintiff less favorably because of his handicap.

113. Defendant does not have a legitimate, non-discriminatory reason for firing Plaintiff.

114. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

115. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

116. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

117. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated this 29th day of April, 2025.

Respectfully submitted,

*/s/ Anthony J. Hall*
Anthony J. Hall, Esq. – LEAD COUNSEL
FL Bar No. 40924
THE LEACH FIRM, P.A.
1560 N Orange Avenue, Suite 600
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (833) 523-5864
Email: ahall@theleachfirm.com
Email: aperez@theleachfirm.com
*Attorneys for Plaintiff*

19